# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**In re:**

| | |
|---|---|
| **ALLAN DAVID BURRAGE,** | **BANKRUPTCY** |
| **AND ANNE MARIE BURRAGE,** | **CASE NO.: 8:23-bk-03887-RCT** |
| **Debtors.** | |
| _____/ | |

## TRUSTEE'S APPLICATION TO EMPLOY COUNSEL FOR SPECIAL PURPOSE

**COMES NOW** Stephen L. Meininger (the "Applicant"), the duly appointed Trustee in the above-styled bankruptcy case, by and through Federal Rule of Bankruptcy Procedure 2014, and hereby requests the authority to employ counsel for special purpose, and in support thereof states:

1. The Applicant has been appointed Trustee of the above-styled estate and is duly qualified and acting.

2. The Applicant requires the assistance of counsel to enable him to properly perform the functions of Trustee in maintaining adversary proceedings against certain entities for alleged employment discrimination claims on a contingency-fee basis.

3. These are specialized legal issues and the Trustee requires counsel to assist with the adversary proceedings. These causes of action and any proceeds from them are property of the bankruptcy estate.

[Space intentionally left blank]

4. The Applicant wishes to employ counsel to assist him in performing these legal duties necessitated by the administration of the estate. The services of the proposed attorney, acting as counsel for special purpose, will not duplicate those of the Trustee, but are necessary for the Trustee to carry out his functions and duties. The Applicant desires to employ Shrader, Mendez & O'Connell (the "Attorneys") as counsel for the Trustee. The Attorneys have no interest adverse to the estate.

5. The Applicant believes that the retention of the Attorneys is in the best interest of the estate.

6. The adversary proceedings are typically brought under common law causes of action and the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, the Age Discrimination in Employment Act, ("ADEA"), 42 U.S.C. § 621 *et. seq.,* and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et. seq*.

7. Pursuant to the Applicant's agreement with the Attorneys as counsel for special purpose for the estate, their compensation, subject to this court's review, approval, and an order awarding attorneys' fees, will be on the basis contingency fee plus costs as follows:

   a. The Attorneys shall recover no attorneys' fees or costs unless either: (1) Applicant is a prevailing party in the adversary proceedings or (2) the adversary proceedings and/or related matters result in a settlement that includes a payment to, or other tangible economic benefit for, the bankruptcy estate;

      b.      The Attorneys shall recover the following attorneys' fees if a settlement occurs prior to filing a lawsuit:

        i.     33 1/3% of the gross amount recovered up to $1 million;

        ii.    30% of the gross amount recovered between $1 million to $2 million in addition to the above fee;

        iii.   20% of the gross amount recovered above $2 million in addition to the above fees.

      c.      The Attorneys shall recover the following attorneys' fees if the case is concluded at any point after the filing of an answer to the complaint:

        i.     40% of the gross amount recovered up to $1 million;

        ii.    30% of the gross amount recovered between $1 million to $2 million in addition to the above fee;

        iii.   20% of the gross amount recovered above $2 million in addition to the above fees.

      d.      The Attorneys shall recover the following attorneys' fees if the party being sued admits liability when an answer to the complaint is filed and only wants a trial on the question of damages:

        i.     33 1/3% of the gross amount recovered up to $1 million;

        ii.    20% of the gross amount recovered between $1 million to $2

                    million in addition to the above fee;

         iii.     15% of the gross amount recovered above $2 million in addition to the above fees

e.     The Attorneys may add an additional 5% fee if after trial, the case is appealed or the Attorneys have to seek post-judgement relief or file an action to collect on the judgement.

**WHEREFORE**, the Applicant requests the entry of an order authorizing him to employ and retain the Attorneys as counsel for special purpose for the estate on the terms and conditions specified herein, with no fees or cost paid to such counsel without further Order of this Court.

Dated:  November 28, 2023

/s/ Stephen L. Meininger  
**STEPHEN L. MEININGER**  
301 West Platt Street.  
A340  
Tampa, FL  33606  
Phone: (813) 301-1025  
e-mail: slmeininger@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2023, a true and correct copy of this pleading has been sent by regular U.S. Mail, CM/ECF or e-mail to the following: U.S. Trustee, 501 E. Polk St., Ste. 1200, Tampa, FL 33602 and Shrader, Mendez & O'Connell, 612 W. Bay Street, Tampa, FL  33606..

/s/ Stephen L. Meininger  
Stephen L. Meininger