UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Allan David Burrage
Anne Marie Burrage

Case No: 8:23-bk-03887-RCT
Chapter 7

Debtor_____/

TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703 within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Stephen L. Meininger, Trustee in the above-captioned Chapter 7 case, by and through the undersigned counsel, files this Objection to Debtor's *Amended Claim of Exemptions* [*Dkt. No. 24*] and states as follows:

1. The Debtors have scheduled and claimed as exempt an asset self-described as "a Claim against Third Parties … '*Burrage v/ Sloppey Communications*, Pending in US District Court Middle District of Florida,' and with an 'unknown' value" [the, "Asset"]. The

Asset is claimed as wholly exempt on the Debtors' Amended Schedule C pursuant to Fla. Stat. Ann. § 222.18.  The Trustee believes the Debtor's claim of exemption is wholly or partially inappropriate.  The exemption claimed provides that disability income benefits under any policy or contract, … or other insurance of whatever form, shall not in any case be liable to attachment … in favor of any creditor of the recipient of such disability income benefits." *See* Fla. Stat. Ann. § 222.18.  The Asset does not qualify as exempt pursuant to Fla. Stat. Ann § 222.18 as it is not a benefit as defined under the same statute.

2. The Debtor filed their Amended Schedules on January 19, 2024.  The Trustee's instant objection to the same has been timely filed and the parties have been duly noticed.

WHEREFORE the Trustee respectfully requests the entry of an Order generally disallowing the Debtors' claim of exemptions as filed to the extent that it exceeds that which they are entitled to claim as exempt, disallowing the claim of the inapplicable exemptions on the Asset, and for any other relief which this court deems just.

Respectfully submitted,

 /s/ Richard M. Dauval
Richard M. Dauval, Attorney for the Trustee
3900 1st Street North
St. Petersburg, FL 33733-3607
727.327.3328

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2024, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to:

U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov
Allan David Burrage and Anne Marie Burrage, 485 W Pierce St., Lake Alfred, FL 33850
Pierce J Guard, Jr, Esq. jguardjr@aol.com
Trustee Stephen L. Meininger

/s/ Richard M. Dauval
Richard M. Dauval, Esq.
